(CHANCERY.)

RUSSEL ET AL v. *The Trustees of the* TRANSYLVANIA UNIVERSITY.

A question under a bill in chancery, to obtain from the defendants a conveyance of a tract of land, in Kentucky, held by them as the property of the original grantee, confiscated to the state, and claimed by the plaintiffs under an equity arising from a sale made by the original grantee of another tract of land, to which it was alleged he erroneously supposed himself legally entitled under the same warrant and survey. Bill dismissed.

APPEAL from the circuit court for the district of Kentucky. This cause was argued at a former term, and continued to the present term for advisement.

JOHNSON, J., delivered the opinion of the court as
follows:

1816.

Russel
v.
Trustees of
Transylva-
nia Univer-
sity.
March 21st.

The object of this bill is to obtain a conveyance
from the defendants, of a tract of land in the state
of Kentucky, granted to one Alexander M'Kee,
through whom both parties claim. The survey was
made under a warrant from Lord Dunmore, then
governor of Virginia, issued the 2d of April, 1774.
The complainants claim under a chain of title regu-
larly deduced from M'Kee; the defendants, under
an act of the legislature, vesting M'Kee's lands in
them as confiscated property. But it appears, and
is explicitly acknowledged in the bill, that the con-
veyance from M'Kee describes, by metes and bounds,
a tract of land wholly different from that which the
trustees hold. This court feels no difficulty in con-
ceding, that whatever equity the complainants have
a right to claim against M'Kee, this court is bound
to decree against the trustees; for the act of the
legislature could only have been intended to ope-
rate upon the interest of M'Kee, and not to defeat
the rights of those who held, or might claim, the
land to the prejudice of M'Kee himself.

The equity set up by the complainants depends
upon the following allegations: that the warrant
was placed in the hands of one Douglas, a surveyor.
That under that warrant, together with a number of
others then in his hands, he surveyed what, in that
country, is called a *block of surveys*, (by which we
understand a number of connected and dependent
surveys, each containing the same quantity of land.)
That in this block of surveys were contained both

1816.

Russel
v.
Trustees of
Transylva-
nia Univer-
sity.

that which was conveyed to the claimants, and that which the defendants hold, each of 2,000 acres. The bill then proceeds in the following words: "That the said M'Kee, who resided at a great distance from the land in question, was furnished with a boundary of a 2,000 acre survey, agreeably to that which is contained in his aforesaid deed as the boundary of his 2,000 acre survey." "And, afterwards, without his knowledge, the surveyor substituted the 2,000 acres which is described in the survey, for that which was originally intended for him." But they aver, "that it was the intention of the parties to the said deed, that by it should pass the 2,000 acre survey, by whatever boundary described, to which the said M'Kee was entitled under the warrant granted to him as aforesaid." By the land laws of Virginia, the return of the surveyor into the office is the only legal identification of the land on which the right of the individual attaches. So that the warrant of Lord Dunmore being a general, not a specific warrant, there can be no doubt that M'Kee never acquired any right, legal or equitable, in the land described in his conveyance. It is also admitted that the land, of which the defendants are seised, was M'Kee's land, and derived to him through a warrant of Lord Dunmore, and a survey made by Douglas; so that if the other material allegations of the bill were supported by evidence, it is possible that this court might be induced to think the complainants' case a good one.

As to the fact that the description by which M'Kee sold to the complainants was the first com-

1816.

Russel
v.
Trustees of
Transylva-
nia Univer-
sity.

municated to him, this court can attach to it no importance; for, independently of its being unsupported by proof, it is not alleged by whom the communication was made. Nor, if it had been made by the surveyor, is it shown to us that it would have bound him in making his return; or, if obligatory upon him, that it would have affected the rights of a third person claiming under the return actually made into the office.

As, then, it is admitted that the description in M'Kee's conveyance designates a tract wholly different from that held by the defendants, the whole equity of the complainants must depend upon the alleged intention of the parties, M'Kee and Ross, at the time when the former conveyed to the latter.

And here we find the case wholly unsupported by proof. It is only in the conveyance itself, in the answer of the defendants, or the extrinsic evidence in the cause, that we can look for proof of such intention. A conveyance of all M'Kee's lands, surveyed under a warrant, specifically described, might have placed the complainants on a different ground. But the deed does not specify the date of the warrant, the number of acres, nor the person to whom it issued. The words are, (after describing the metes and bounds,) " surveyed by virtue of a warrant from under the hand and seal of John, Earl of Dunmore, under the king's proclamation of 1763." Now, *non constat*, but that the warrant here referred to may have passed through a long course of conveyances down to M'Kee. Nor does the deed state that the land was *surveyed* for M'Kee, and so far may have

1816.

Russel
v.
Trustees of
Transylva-.
nia Univer-
sity.

been perfectly consistent with the survey returned in favour of another person. The deed itself, then, furnishes no evidence of intention, and the answer does not admit it.

But it is contended that the deed, taken in connexion with one of the certified facts, " that but one of Lord Dunmore's warrants ever issued to M'Kee; that but one survey of 2,000 acres was ever returned in his name under that warrant; and that this was the only survey of 2,000 acres to be found in the office, in M'Kee's name, under any warrant," shows that he must have intended to convey that surveyed for him, and no other. But the majority of the court think otherwise. Had the deed described the land conveyed, as a tract of 2,000 acres surveyed for M'Kee himself, there might have been some ground for this argument. But the deed is not so expressed; and, for aught we know, M'Kee may have been proprietor of many grants surveyed under Dunmore's warrants, in the name of others, and conveyed to him. Such an intention ought not to be inferred from slight circumstances, nor precipitately acted upon. Where A. conveys to B., by metes and bounds, the circumstances ought to be very strong to prove that he meant to convey any other lands than those specifically described, before this court would be induced to set aside one deed, and decree the execution of another. If the vendee may set up such a ground of equity, the vendor may do the same; and the intrinsic difficulties which such investigations would present, would make it generally better to leave the parties to their remedy at law.

1816.

Russel
v.
Trustees of
Transylva-
nia Univer-
sity.

If a person, supposing himself possessed of a specific tract of land in a certain neighbourhood, should contract for the sale of that land to another, it does by no means follow that he would have sold him any other tract, in the same vicinity, to which, without his knowledge, he was then entitled, much less that he would have sold it for the same price. It is a consideration of no little importance in this case that the bill expressly alleges M‘Kee's ignorance of the actual return of the surveyor. And on what ground are we to presume that if he had known it he would have sold the tract which it covered at all, or sold it at the price expressed in the deed to Ross? Its value might have been treble that of the other, and there is reason to think that this court would have been induced, under very strong circumstances only, to decree in favour of those complainants against M‘Kee himself. The sale of *a warrant* or of *any survey that may be made under a warrant*, would be in the nature of a wager or speculation, and might be sustained. But where an individual, supposing his warrant located on black acre, when it is, in fact, located on white acre, conveys the former by metes and bounds, it must be a strong case that will sanction a court in setting aside the conveyance of the one, and decreeing that of the other. It is in vain to say, in this case, that the defendants are bound to show that M‘Kee ever had, in fact, an interest in any survey of 2,000 acres beside the one in litigation. The answer puts the complainants on their proof, and it is from them that the evidence is to proceed upon which our decision is to be

1816.

Russel
v.
Trustees of
Transylva-
nia Univer-
sity.

founded. Besides, how are the defendants to be conusant of a fact like this? Their privity forces upon them no knowledge but what has relation to this single tract of land; and even as to that, coming in as they do under an act of confiscation, there can be no reason for requiring of them evidence to such a fact. A necessary unavoidable implication or inference from the evidence adduced by the complainants is the only possible ground upon which such a necessity could be contended for, and even this, in our opinion, does not exist.

In this case the court explicitly avows that it has been not a little disposed to look unfavourable on a claim of such great antiquity. Nearly forty years have elapsed since M'Kee conveyed this land to Ross. Almost every party and every witness must now be no more; and to undertake, at this late day, to inquire into the intentions of parties in a transaction so very remote in time, might be attended with difficulties and evils which cannot now be foreseen.

Decree affirmed.